IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| IN RE | CASE NO. 25-02864 (ESL) |
| KATHERINE TORRES HERNANDEZ VICTOR SANTIAGO LOPEZ | CHAPTER 7 |
| Debtor | |

<u>OPINION AND ORDER DENYING MOTION FOR RECONSIDERATION</u>

This case is before the court upon the *Motion for Reconsideration -or- to Alter or Amend Final Order on Exemption* filed by the Debtors on December 1, 2025 (the "*Motion for Reconsideration*", dkt. #33), which remains unopposed.

For the reasons stated herein, the *Motion for Reconsideration* (dkt. #33) is hereby DENIED.

<u>Factual and Procedural Background</u>

1.      On June 25, 2025, the Debtors filed a petition for Chapter 7 relief and the required Schedules (dkt. 1).

2.      In *Schedule A/B*, the Debtors disclosed the ownership of three (3) motor vehicles, including a 2015 Toyota Sienna valued at $17,048.00, identified as community property, and attributed to debtor Katherine Torres Hernández (dkt. #1 -2, p. 2, item 3.1).

3.      In *Schedule C*, the Debtors claimed an exemption over the value of the 2015 Toyota Sienna pursuant to Section 1130(6) of the Puerto Rico Code of Civil Procedure, 32 L.P.R.A. § 1130(6) ("Section 1130(6)") (dkt. #1-3, p. 1; dkt. #18, p. 1).

4.      On September 19, 2025, the Chapter 7 Trustee filed an *Objection to Claimed Exemption under 32 P.R.L.A. § 1130(6) Over 2015 Toyota Sienna* (the "*Opposition to Exemption*", dkt. #19) pursuant to Fed. R. Bankr. P. 4003(b), arguing that the 2015 Toyota Sienna is not entitled to be claimed as exempt because debtor Katherine Torres Hernández testified at the 341 Meeting that she is unemployed and uses the vehicle solely for personal use (dkt. #19, ¶¶7, 11).  To support his position, the Chapter 7 Trustee posits that Section 1130(6) does not authorize

a general vehicle exemption as it is "specifically intended for vehicles and equipment that are directly and customarily used by the debtor in the performance of their trade or profession" (dkt. #19, ¶9). He also argues that it does not qualify as a tool of the trade under Section 522(d)(6) of the Bankruptcy Code, 11 U.S.C. § 522(d)(6), and that the Debtors already claimed exemptions over two (2) other vehicles, thus exceeding the reasonable scope of the exemption statute (dkt. #19, ¶12).

5. On October 8, 2025, the Debtors filed a *Response to the Trustee's Objection to Exemption of the 2015 Toyota Sienna* (the "*Response*", dkt. #24) arguing that the 2015 Toyota Sienna "is indispensable for the disabled co-debtor's access to health care, her subsistence and any hope to be employed in the future" (id., ¶2). The Debtors noted in the *Response* that there are differences in the English and Spanish versions of Section 1130(6) and argued that the Spanish version – which does not include the language that limits the use of the vehicle over which an exemption is being claimed – should prevail pursuant to Article 26 of the Puerto Rico Civil Code, 31 L.P.R.A. § 5348 (2020). As such, the Debtors aver that the 2015 Toyota Sienna may be exempted *pursuant to the Spanish version* of Section 1130(6), which "plainly extends to automobiles, regardless of whether they are used in a profession or trade" (id., ¶16).

6. On October 28, 2025, the Chapter 7 Trustee filed *Trustee's Reply to Debtors' Response to Objection to Claimed Exemption of 2015 Toyota Sienna* (the "*Reply*", dkt. #28) maintaining his position that the exemption claimed for the 2015 Toyota Sienna must be denied as Section 1130(6) only protects vehicles that are directly used as tools in the exercise of trade or profession. Addressing the Debtors' arguments in the *Response*, the Chapter 7 Trustee argued that this court has rejected the Debtors' position that vehicles are exempt under Section 1130(6) even if they're not used for work purposes, citing In re Román Rivera, 499 B.R. 175 (Bankr. D.P.R. 2013), as well as caselaw from the Puerto Rico Supreme Court. As to the differences between the Spanish and the English text of the Puerto Rico Code of Civil Procedure, the Chapter 7 Trustee

argued that the Puerto Rico Civil Code provides for the use of the original text when there is a translation which, in this case, is the English version of Section 1130(6).[1]

7. On November 17, 2025, the court granted the Chapter 7 Trustee's *Opposition to Exemption*, agreeing with the Chapter 7 Trustee's analysis in the *Reply* (see, dkt. #29).

8. On December 1, 2025, the Debtors filed the *Motion for Reconsideration* (dkt. #33) arguing that "[t]here is a clear statutory mandate of the Legislative Assembly of Puerto Rico to use the Spanish version of Puerto Rico statutes when they conflict with the English version" (dkt. #33, ¶2) and that the exemption in the Spanish version of Section 1130(6) "plainly extends to automobiles, regardless of whether they are used in a profession or trade" (id., at ¶5).

<u>Applicable Law and Discussion</u>

*(A)*     *Standard for Motions for Reconsideration*

Motions for reconsideration "are not recognized by the Federal Rules of Civil Procedure or the Federal Rules of Bankruptcy Procedure in *haec verba*." <u>In re Mujica</u>, 470 B.R. 251, 253 (Bankr. D.P.R. 2012), *aff'd*, 492 B.R. 355 (D.P.R. 2013). Rather, federal courts have considered motions so denominated as either a motion to "alter or amend" under Fed. R. Civ. P. 59(e) or a motion for relief of judgment or order under Fed. R. Civ. P. 60(b).[2] <u>See</u>, <u>Fisher v. Kadant, Inc.</u>, 589 F.3d 505, 512 (1st Cir. 2009) (noting a motion for reconsideration implicated either Fed. R. Civ. P. 59(e) or 60(b)).

"These two rules are distinct; they serve different purposes and produce different consequences. Which rule applies depends essentially on the time a motion is served. If a motion is served within [fourteen] days of the rendition of judgment, the motion ordinarily will fall under [Fed. R. Civ. P.] 59(e). If the motion is served after that time, it falls under [Fed. R. Civ. P.] 60." <u>In re Pabon Rodriguez</u>, 233 B.R. 212, 219 (Bankr. D.P.R. 1999), *aff'd*, 2000 WL

---

[1] Notably, the Chapter 7 Trustee cites Article 13 of the 1930 Puerto Rico Civil Code which was repealed by the 2020 Puerto Rico Civil Code, 31 L.P.R.A. §§ 5311, *et als*.

[2] Fed. R. Civ. P. 59 and 60 are made applicable to adversary proceedings under Fed. R. Bankr. P. 9023 and 9024, respectively.

35916017 (B.A.P. 1st Cir. 2000), *aff'd*, 17 F. App'x 5 (1st Cir. 2001), citing Van Skiver v. United States, 952 F.2d 1241, 1243 (10th Cir. 1991).

Fed. R. Civ. P. 59(e) authorizes the filing of a written motion to alter or amend a judgment after its entry. To meet the threshold requirements of a successful Fed. R. Civ. P. 59(e) motion, such motion must demonstrate the "reason why the court should reconsider its prior decision" and "must set forth facts or law of a strongly convincing nature" to induce the court to reverse its earlier decision. In re Schwartz, 409 B.R. 240, 250 (B.A.P. 1st Cir. 2008), citing Pabon Rodriguez, 233 B.R. at 218. See also, Mujica, 470 B.R. at 254. For a motion for reconsideration to succeed, "the movant must demonstrate either that newly discovered evidence (not previously available) has come to light or that the rendering court committed a manifest error of law." In re Redondo Constr. Corp., 2019 WL 6130938, at *3 (Bankr. D.P.R. 2019), *aff'd*, 621 B.R. 81 (D.P.R. 2020), quoting Mulero-Abreu v. P.R. Police Dep't, 675 F.3d 88, 94 (1st Cir. 2012). See also, Pabon Rodriguez, 233 B.R. at 218; BBVA v. Vazquez (In re Vazquez), 471 B.R. 752, 760 (B.A.P. 1st Cir. 2012), citing Aybar v. Crispin–Reyes, 118 F.3d 10, 16 (1st Cir. 1997); In re Zutrau, 563 B.R. 431, 449 (B.A.P. 1st Cir. 2017), citing Marie v. Allied Home Mortg. Corp., 402 F.3d 1, 7, n. 2 (1st Cir. 2005), quoting Pomerleau v. W. Springfield Pub. Sch., 362 F.3d 143, 146, n. 2 (1st Cir. 2004).

Federal courts have consistently stated that a motion for reconsideration of a previous order is an extraordinary remedy that must be used sparingly because of interest in finality and conservation of scarce judicial resources. See, Pabon Rodriguez, 233 B.R. at 218. In practice, Fed. R. Civ. P. 59(e) motions are typically denied because of the narrow purposes for which they are intended. See, id.; Global Naps, Inc. v. Verizon New England, Inc., 489 F.3d 13, 245 (1st Cir. 2007) (motions under Fed. R. Civ. P. 59(e) are reviewed for abuse of discretion, reversing only where "the original judgment evidenced a manifest error of law ... or in certain other narrow situations").

"A motion for reconsideration 'does not provide a vehicle for a party to undo its own procedural failures and it certainly does not allow a party to introduce new evidence or advance

arguments that could or should have been presented to the district court prior to the judgment." Redondo, 2019 WL 6130938 at *2, quoting Marks 3-Zet-Ernst Marks GmBh & Co. KG v. Presstek, Inc., 455 F.3d 7, 15-16 (1st Cir. 2006). Further, a motion for reconsideration cannot be used as a vehicle to re-litigate matters already litigated and decided by the court. See, Standard Química de Venezuela v. Central Hispano International, Inc., 189 F.R.D. 202, 205, n. 4 (D.P.R. 1999). A such, a party moving for Fed. R. Civ. P. 59(e) relief may not repeat arguments previously made, see, Prescott v. Higgins, 538 F.3d 32, 45 (1st Cir. 2008), "rehash arguments previously rejected or … raise ones that 'could, and should, have been made before judgment issued." Soto-Padró v. Public Buildings Authority, 675 F.3d 1, 9 (1st Cir. 2012) (citations omitted). "[M]otions for reconsideration should not give parties a 'second bite at the apple' or 'another roll of the dice' ". Redondo, 2019 WL 6130938 at *2, quoting Conway v. A.I. DuPont Hosp. for Children, 2009 WL 1492178, at *4 (E.D. Pa. 2009). Also see, In re Vazquez, 471 B.R. at 761("in denying reconsideration, the bankruptcy court correctly applied the First Circuit precedent against a second bite at the apple: litigants may not use Fed. R. Civ. P. 59(e) to advance arguments they could have made earlier"). "It is therefore exceedingly difficult for a litigant to succeed in a Fed. R. Civ. P. 59(e) motion." In re Mujica, 470 B.R. at 254, citing ACA Fin. Guar. Corp. v. Advest, Inc., 512 F.3d 46, 55 (1st Cir. 2008).

*(B)*     *Discussion*

In this case, the court notes that the *Motion for Reconsideration* (dkt. #33) does not plead reconsideration under either Fed. R. Civ. P. 59 or 60. Nevertheless, it was filed fourteen (14) days after entry of the *Order* granting the Chapter 7 Trustee's *Opposition to Exemption* (dkt. #19, 29). As such, it is taken as a motion under Fed. R. Civ. P. 59(e), although not specifically argued by the Debtors therein.

As previously mentioned, to succeed in a motion for reconsideration under Fed. Civ. P. 59(e), the Debtors must show either that newly discovered evidence has come to light or that the court committed a manifest error of law. In the *Motion for Reconsideration*, the Debtors argue that, in adopting the Chapter 7 Trustee's *Reply*, the court erred because it followed a rule of

-5-

interpretation found in a repealed and superseded article of the Puerto Rico Civil Code and quoted case law that is inappropriate as it was decided under the previous version of the Puerto Rico Civil Code. Specifically, the Debtors posit that Article 26 of the Puerto Rico Civil Code (2020) repealed and superseded Article 13 of the Puerto Rico Civil Code (1930), and that Article 26 makes the Spanish version of Section 1130(6) controlling.

While it is true that there are discrepancies between the Spanish and English versions of Section 1130(6),[3] there is an editor's note in the Spanish version that states that a portion of Section 1130(6) was omitted and directs the reader to the English version of Section 1130(6). Thus, it is clear that the complete, correct, and controlling version of Section 1130(6) is the English version, which provides in pertinent part that only the following vehicles are exempted from execution:

> … one cart, wagon, dray or truck by the use of which a cartman, drayman, truckman, huckster, peddler, hackman, teamster or other laborer **habitually earns a living**; and one horse with vehicle and harness, or other equipment used by a physician, surgeon or minister of the gospel, **in making his professional visits**, with food for such oxen, horses or mules for one month.

32 L.P.R.A. § 1130(6) (boldface added).

As this court has previously held, automobiles —such as the 2015 Toyota Sienna in question— "are allowed as exempt as long as the Debtors demonstrate that the automobiles are essential to conduct their professional responsibilities, if any". In re Román Rivera, 499 B.R. at 190. See also, In re Martinez Colon, 2014 WL 3616235, at *3 (Bankr. D.P.R. 2014) (finding that a motor vehicle was exempted under Section 1130(6) because it was essential for the debtor to

---

[3] The Spanish version of Section 1130(6) reads: "Dos bueyes, dos caballos o dos mulas y sus arneses; y un carro, carreta, carromato o carretilla".

Meanwhile the English version of Section 1130(6) reads:

> Two (2) oxen, two (2) horses, or two (2) mules, and their harness; and one cart, wagon, dray or truck by the use of which a cartman, drayman, truckman, huckster, peddler, hackman, teamster or other laborer habitually earns a living; and one horse with vehicle and harness, or other equipment used by a physician, surgeon or minister of the gospel, in making his professional visits, with food for such oxen, horses or mules for one month.

conduct her professional responsibilities). In this case, it is uncontested that debtor Katherine Torres Hernández is unemployed and receives Social Security benefits due to a disability (see, dkt. #19, ¶7; dkt. #24, ¶2). Although the Debtors argue in the *Motion for Reconsideration* that the 2015 Toyota Sienna "is essential to the Debtors' livelihood", they did not explain how and did not support the statement with any evidence that debtor Katherine Torres Hernández' employment situation has changed. Based on this, the court again concludes that the 2015 Toyota Sienna is not essential for debtor Katherine Torres Hernández to conduct her professional responsibilities, as she does not have any, and an exemption under Section 1130(6) is inapplicable and no manifest error of law exists.[4] For these reasons, the court DENIES the *Motion for Reconsideration* (dkt. #33).

Conclusion

For the reasons stated herein, the *Motion for Reconsideration* (dkt. #33) is DENIED.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 29th day of January 2026.

Enrique S. Lamoutte
United States Bankruptcy Judge

---

[4] Even if the Debtors had claimed an exemption under Article 1157 of the Puerto Rico Civil Code (2020), the exemption would still be inapplicable because it is limited to motor vehicles that qualify as work instruments, which, as the court found, is not the case here.

-7-